IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SHARON R. DEVINE                                              PLAINTIFF

V.                              NO. 10-3017

MICHAEL J. ASTRUE,
Commissioner of Social Security                              DEFENDANT

**O R D E R**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of

Subject Matter Jurisdiction.  (Doc. #7).  Defendant contends that Plaintiff filed exceptions with

the Appeals Council objecting to the Administrative Law Judge's (ALJ) decision following court

remand, and these exceptions are being considered by the Appeals Council.  Having elected to

pursue her additional administrative remedies, Defendant argues that Plaintiff must now await

a decision from the Appeals Council before bringing her appeal in district court.  Accordingly,

Defendant states that Plaintiff's complaint should be dismissed for failure to exhaust

administrative remedies.

In Plaintiff's initial response, Plaintiff's counsel stated that on January 11, 2010,

"someone in the office" mistakenly filed a Request for Review to the Appeals Council, which

was not "written exceptions."  This is why, Plaintiff's counsel argues, he filed the Complaint in

the instant action.  (Doc. #9).

On September 14, 2010, the undersigned directed Plaintiff's counsel to provide the Court

with an updated status of this matter, "indicating whether the Appeals Council still has the

'Request for Review' before it, or whether he has withdrawn such request, and to provide the

-1-

Court with supporting authorities in support of his position." (Doc. #10).

On September 20, 2010, Plaintiff filed an additional response, again stating that the Request for Review to the Appeals Council was mistakenly filed, and that a letter had been mailed and faxed to the Appeals Council requesting that the Request for Review be withdrawn and that there "should not be anything pending before the Appeals Council." (Doc. 11).

A "final decision" exists once the Appeals Council had denied review or has issued its own decision. <u>Schoolcraft v. Sullivan</u>, 971 F.2d 81, 83-84 (8th Cir. 1992). "After exhausting these remedies, a claimant may file a complaint in federal district court requesting an award of benefits pursuant to section 405(g)." <u>Id.</u> In his additional response, Plaintiff's counsel merely states that he has mailed and faxed a letter to the Appeals Council requesting the request be withdrawn and "[t]here should not be anything pending before the Appeals Council." This response is insufficient and not definitive. There must be evidence to indicate the Appeals Council is no longer entertaining Plaintiff's Request for Review.

The Court will give Plaintiff's counsel one more opportunity to provide the Court with proper documentation that there is nothing pending before the Appeals Council. This should be provided to the Court by no later than November 10, 2010. If proper documentation is not provided by this date, Defendant's motion will be granted, which may prejudice Plaintiff's future ability to seek review of her denial of application for benefits.

IT IS SO ORDERED this 1st day of November, 2010.

/s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-2-